662 So.2d 594 (1995)
Otis FIPPS
v.
GLENN MILLER CONSTRUCTION CO., INC.
No. 92-CA-00322-SCT.
Supreme Court of Mississippi.
October 5, 1995.
*595 Leman D. Gandy, Greenwood, MS, for appellant.
Richard Benz, Jr., Upshaw Williams Biggers Page & Kruger, Greenwood, MS, for appellee.
En Banc.
McRAE, Justice, for the Court:
Otis Fipps and his wife appealed the summary judgment granted by the Leflore County Circuit Court on March 22, 1992, in favor of his landlord, Glenn Miller Construction Co., Inc. Fipps, who had tripped and fallen outside his Greenwood apartment, now appeals, asserting that: the lower court erred in granting summary judgment in favor of Miller, in applying the "business-invitee" standard of care to justify its decision. Finding that summary judgment was inappropriate, we reverse and remand this case for a trial on the merits.

FACTS
Fipps and his wife, Lucticia, leased apartment 11-A at 304 Twin Lake Drive in Greenwood, Mississippi from Miller in December 1990. Miller owns and maintains the apartment which is a part of the Browning Road Apartment Complex. A walkway leads from the parking area on the street directly into an open foyer.
On February 13, 1991, at approximately 8:00 p.m., Fipps tripped over an uneven portion of the walkway leading to the foyer. The unevenness was caused by tree roots raising a section of the concrete walkway over years of growth. In his brief, Fipps states that the roots caused the sidewalk to raise approximately six to eight inches. There is a light over each apartment door entrance, but no light is located over the entrance to the foyer. Fipps admitted in his deposition that he observed this condition when he moved into the apartment. Fipps said he reported the condition to an employee of Miller's. It is unclear from the record whether he told Miller's office or simply "assumed" they knew about it.
Fipps, who is a retired minister, testified by deposition that he has been unable to perform ministerial duties as a result of the accident in which his foot was broken in three places.
On January 30, 1992, Miller filed a Motion for Summary Judgment. Fipps filed a response to the motion, with attached affidavits, which argued that a "business-invitee" standard was not the applicable law. A hearing for the summary judgment motion was held on March 6, 1992, without a court reporter. The trial judge issued a one-paragraph decision granting the motion without any explanation. Thereafter, Fipps timely filed this appeal.

THE LAW
This Court reviews the record de novo to determine if a trial court properly *596 granted summary judgment. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 660 (Miss. 1994); Mantachie Nat. Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss. 1992). When reviewing a grant of summary judgment, this Court considers the evidence in the light most favorable to the non-moving party, including "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993).
The party moving for summary judgment has the burden of production and persuasion. Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1343 (Miss. 1995) (citing Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988)). Miller presented insufficient evidence to support a summary judgment.
The landlord/tenant relationship abides by a straight negligence standard. Although Cappaert v. Junker, 413 So.2d 378 (Miss. 1982), dealt with the validity of exculpatory clauses in leases, it set forth the lessor's duty to the lessee by stating:
In leases involving residential property leased to multiple tenants, the lessor, with respect to common areas, has the duty to use reasonable care to keep the common areas reasonably safe and is liable for damages for failure to perform the duty.
Cappaert, 413 So.2d at 380. Fipps clearly falls within this standard of care. He lives in Miller's multi-unit complex, which was designed for residential purposes. The area where Fipps fell was like a breezeway, a common area within the control of the landlord. Miller failed to present sufficient proof that the area was not within his control and not defective; hence, summary judgment was inappropriate.
The basis of Miller's argument lies in the fact that Fipps had knowledge of the "dangerous condition;" in other words, it was open and obvious. In Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994), this Court abolished the "open and obvious danger" defense as a complete bar to recovery in favor of applying a true comparative negligence doctrine. As such, a dangerous condition which is open and obvious is considered in terms of mitigation of damages, and therefore, is an issue for the jury to resolve. We have reiterated that the open and obvious doctrine was not a complete defense to negligence actions in premises liability cases in Tate v. Southern Jitney Jungle Co., 650 So.2d 1347 (Miss. 1995). "Except in the clearest of cases, questions of negligence are for the jury." Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss. 1992) (citing Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss. 1985)). Because there were questions of fact for a jury to determine, the lower court erred by granting summary judgment. Miller simply did not put on enough proof that it was entitled to summary judgment. We therefore, reverse and remand for a trial on the merits.
REVERSED AND REMANDED.
SULLIVAN, PITTMAN, BANKS, ROBERTS and SMITH, JJ., concur.
LEE, P.J., concurs in result only.
HAWKINS, C.J., concurs with separate written opinion joined by LEE and PRATHER, P.JJ.
HAWKINS, Chief Justice, concurring:
I concur in reversing the summary judgment in favor of the landlord, Glenn Miller Construction Co., Inc., for the reason that insufficient facts appear in the record to enter any judgment at this stage of the trial court proceedings. As the facts set forth in the majority opinion show, a summary judgment at this stage is premature.
The majority's legal exposition is dicta.
LEE and PRATHER, P.JJ., join this opinion.