DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶36. Doe filed a premises-liability suit against the property owners from whom she leases an apartment. In her lease, the parties agreed to arbitrate all disputes “arising out of or in any way related to Lessee’s occupancy and leasing of the subject property.” In premises liability, a property owner’s duty is based on his relationship to the plaintiff.[12] In Doe’s case, that duty will be based on the landlord/tenant relationship.[13] Because the lease ere- *1061 ates the landlord/tenant relationship, and that relationship creates the duty upon which Doe bases her claim, the claim clearly relates to Doe’s occupancy and leasing of the subject property and is subject to the arbitration clause. So I dissent.
¶ 37. The sole question before this Court is whether this claim falls within the scope of the arbitration clause. “[A]ll doubts concerning the scope of arbitrable issues, the construction of the contract language, and asserted defenses to arbitration must be resolved in favor of arbitration.”[14] “Broad arbitration language governs disputes ‘related to’ or ‘connected with’ a contract, and narrow arbitration language requires arbitration of disputes that directly ‘arise out of a contract.”[15] When an arbitration clause utilizes broad arbitration language “‘it is only necessary that the dispute “touch” matters covered by [the contract] to be arbitrable.’ ”[16]
¶ 38. Jane Doe agreed to arbitrate—not only all disputes “arising out of’ the lessee’s “occupancy and leasing” of the property—but also all disputes “in any way related to” the lessee’s “leasing of the subject property.” Because this arbitration clause employs the broad language “in any way related to,” any dispute that merely touches upon Doe’s “occupancy and leasing of the subject property’ is subject to arbitration.
¶ 39. As the majority recognizes, Doe has lodged a premises-liability claim against the defendants. She claims the defendants had a duty to employ reasonable security measures to keep her safe from criminal activity in the common areas of the apartment premises. The “duty” to which both Doe and the majority refer is created by Doe’s status as a tenant.
¶ 40. In Fipps v. Glenn Miller Construction Company, Inc., where a tenant sued his apartment complex’s owner claiming he tripped on an uneven walkway in a common area of the apartment complex, this Court explained that the duty owed to the tenant by the apartment owner depends on the existence of the landlord/tenant relationship:
The landlord/tenant relationship abides by a straight negligence standard. Although Cappaert v. Junker, 413 So.2d 378 (Miss. 1982), dealt with the validity of exculpatory clauses in leases, it set forth the lessor’s duty to the lessee by stating:
In leases involving residential property leased to multiple tenants, the lessor, with respect to common areas, has the duty to use reasonable care to keep the common areas reasonably safe and is liable for damages for failure to perform the duty.
Cappaert, 413 So.2d at 380. Fipps clearly falls within this standard of care. He lives in Miller’s multi-unit complex, which was designed for residential purposes. The area where Fipps fell was *1062 like a breezeway, a common area within the control of the landlord.[17]
¶ 41. Fipps held the landlord had a duty to keep the common areas of the apartment complex safe for the tenant because of the relationship between them. For a different reason, Doe similarly claims the landlord failed to keep the common areas of the apartment complex safe for the tenant. ' '
¶ 42.. In other words, Doe’s claim depends on the duty owed to her which, in turn, is determined by the landlord/tenant relationship, That relationship exists because Dóe occupies and leases her apartment. So her claim is “related to” her “occupancy and leasing of the subject property,” and therefore falls within the scope of the arbitration clause.

. Albert v. Scott's Truck Plaza, Inc., 978 So.2d 1264, 1266 (Miss. 2008) (citing Massey v. Tingle, 867 So.2d 235, 239 (Miss. 2004); Corley v. Evans, 835 So.2d 30, 37 (Miss. 2003)) ("For a premises-liability claim, as in this case, duty is contingent on the status of the injured person. Thus, the first step in determining duty is to identify the status of the injured at the time of the injury. Mississippi adheres to the invitee/licensee/trespasser trichotomy when analyzing the property owner's duty of care.”).

. Fipps v. Glenn Miller Constr. Co., Inc., 662 So.2d 594, 596 (Miss. 1995) (“The landlord/tenant relationship abides by a straight *1061 negligence standard. Although Cappaert v. Junker, 413 So.2d 378 (Miss. 1982), dealt with the validity of exculpatory clauses in leases, it set forth the lessor’s duty to the lessee by stating: 'In leases involving residential property leased to multiple tenants, the lessor, with respect to common areas, has the duty to use reasonable care to keep the common areas reasonably safe and is liable for damages for failure to perform the duty.’ ”).

. MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 175 (Miss. 2006) (citing East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (Miss. 2002)).

. Horton, 926 So,2d at 176 (citing Pennzoil Expl. & Prod. Co. v. Rameo Energy Ltd., 139 F.3d 1061, 1067 (5th Cir.1998)).

. Horton, 926 So.2d at 176 (quoting Pennzoil Expl. & Prod. Co., 139 F.3d at 1069).

. Fipps, 662 So.2d at 595-96.