**ZIPPY PROPERTIES, INC., et al., Appellants,**

v.

**Bob BOYD, Appellee.**

**No. 10–83–155–CV.**

Court of Appeals of Texas, Waco.

Feb. 16, 1984.

Rehearing Denied March 8, 1984.

David B. Kultgen, Beard & Kultgen, Waco, for appellants.

Galen B. Edwards, Edwards & Edwards, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Zippy Properties, Milky Way Food Stores (and H.T. Strassburger, owner of Zippy by stipulation) from $201,500.00 judgment for plaintiff Boyd against Zippy, Milky Way, Strassburger, and Shirley Hussey.

Plaintiff Boyd sued defendant Zippy, Milky Way and Hussey alleging that on August 2, 1980, he was an invitee in Zippy Food Store at 301 LaSalle, Waco, to purchase food items; that defendant Hussey drove her car into the building, striking and injuring plaintiff; that defendants were guilty of negligence proximately causing damages to plaintiff for which he seeks judgment.

Defendant Hussey filed no answer and interlocutory judgment was rendered finding her guilty of negligence proximately causing injury to plaintiff, and decreeing plaintiff recover judgment against her for such sum as may be proved on trial.

Admissions established that Zippy owns the food store at 301 LaSalle in Waco; that Milky Way operates the store; and it is stipulated H.T. Strassburger owns Zippy and agrees to be bound by any findings against Zippy.

Trial was to a jury, findings of which are summarized as follows:

(1) Zippy Properties failed to exercise reasonable and ordinary care to maintain its establishment in a reasonably safe condition for the use of invitees.

(2) Such failure was a proximate cause of the occurrence.

(3) Zippy Properties failed to provide adequate structural guards, railings, or raised curbs known as vehicle intrusion barriers.

(4) Such failure was negligence.

(5) And a proximate cause of the occurrence.

(6) Milky Way Food Stores failed to exercise reasonable and ordinary care to maintain its establishment in a reasonably safe condition for the use of invitees.

(7) Such failure was a proximate cause of the occurrence.

(8) Milky Way Food Stores failed to provide adequate structural guards, railings, or raised curbs known as vehicle intrusion barriers.

(9) Such failure was negligence.

(10) And a proximate cause of the occurrence.

(11) Zippy Properties maintained a ramp directly in front of the food store at 301 LaSalle, Waco.

(12) Such action was negligence.

(13) And a proximate cause of the occurrence.

(14) Milky Way Food Stores maintained a ramp directly in front of the double doors at the food store at 301 LaSalle, Waco.

(15) Such action was negligence.

(16) And a proximate cause of the occurrence.

(17) Bob Boyd was not negligent.

(18) Shirley Hussey was negligent in driving her vehicle through the front of the store in which Bob Boyd was standing.

(19) Such negligence was a proximate cause of the occurrence.

(20) Percentage of negligence causing the occurrence attributable to each party found negligent:

| | |
|---|---|
| Milky Way Properties | 7½% |
| Zippy Properties | 7½% |
| Shirley Hussey | 85% |

(21) Plaintiff Boyd's damages:

| | |
|---|---|
| Past loss of earnings | $27,000.00 |
| Future loss of earnings | $150,000.00 |
| Past physical impairment | $10,000.00 |
| Future physical impairment | $10,000.00 |
| Past medical expense: | $4,500.00 |
| TOTAL | $201,500.00 |

The trial court rendered judgment against Zippy Properties, Milky Way Food Stores, Shirley Hussey (and H.T. Strassburger by stipulation) for $201,500.00; provided the liability of Zippy, Milky Way and Hussey be joint and several; (and provided for judgment for each defendant over against other defendants if they paid plaintiff more than the percentage of negligence attributed to them).

Defendants Zippy, Milky Way (and H.T. Strassburger by stipulation) appeal on 5 points:

(1) The trial court erred in refusing defendants' requested instruction in connection with damage issue that the jury was not to consider damages resulting from plaintiff's umbilical hernia.

(2) The trial court erred in overruling defendant's objection to the damage issue because it permitted the jury to consider damages attributable to plaintiff's umbilical hernia.

(3) The trial court erred in overruling defendants' objection to the damage issue because of failure to instruct the jury they were not to consider plaintiff's umbilical hernia.

(4) There is no evidence which will support the jury's findings that defendants were negligent.

(5) There is insufficient evidence to support the jury's findings defendants were negligent.

Plaintiff Boyd was in Zippy convenience store making a purchase on August 2, 1980, when a car driven by Shirley Hussey came through the door of the store and struck him. Plaintiff was taken to the emergency room of Hillcrest Hospital where he was seen and released. He went on to attend a movie, where he noticed a knot on his abdomen. He left the movie, went back to the emergency room the next morning where he was told to see a surgeon. He saw Dr. Grady Gordon who told him he had a hernia and recommended surgery. Dr. Gordon operated on him for an inguinal hernia on August 8, 1980. On September 25, 1980, Dr. Gordon found a second hernia on plaintiff, an umbilical hernia. Dr. Gordon performed surgery for the umbilical hernia on October 13, 1980. After November 18, 1980, plaintiff went back to work as a construction worker and worked until August 1981, when he fell some 8 feet on the job. He collected worker's compensation as a result of the fall, and testified that since then he has not been able to work. Dr. Gordon testified that his notes did not reflect he found the umbilical hernia on plaintiff's initial visit "although I will admit it may have been there". Dr. Gordon testified that an umbilical hernia can be caused by trauma; that many umbilical hernias are congenital but can be aggravated by trauma; and that plaintiff's umbilical hernia may or may not have been caused by the accident. Dr. Gordon testified he had prepared an evaluation of plaintiff's ability to engage in various activities and necessary restrictions on those activities, and that the evaluation was based on "those surgeries"; and that there was a possibility of recurrence of both hernias in the future.

When plaintiff was admitted to the hospital on October 10, 1980, for his umbilical hernia operation (which occurred October 13) such admission reflects Dr. Gordon's admitting diagnosis as "Umbilical Hernia, Traumatic" and further states: "Since his injury occurring in Zippy's Food Store

when he was struck by an automobile, he has had an enlarging umbilical hernia. It has become symptomatic or more symptomatic recently inasmuch as there is pain and tenderness in the area * * * He is coming into this hospital for surgery of the umbilical hernia."

Defendants requested the trial court to instruct the jury that in answering the damage issue "you will not consider nor allow anything for the physical pain and mental anguish [past or future] or loss of earnings [past or future] plaintiff has or will suffer resulting from umbilical hernia", which instruction was refused. Defendants then objected to Issue 22 for the reason same fails to instruct the jury they are not to consider the umbilical hernia of plaintiff or allow any money or losses resulting from the umbilical hernia, and that there is no evidence that the umbilical hernia in reasonable medical probability resulted from the occurrence. This objection was overruled.

Defendants contend this case presents a situation where disabilities flowing from a condition not caused by the accident are closely connected and intermingled with disabilities flowing from the accident and that under *Dallas Ry. & Terminal Co. v. Ector, Com. Appls Op. Adopted,* 131 Tex. 505, 116 S.W.2d 683 it was the trial court's duty to instruct the jury plaintiff was not entitled to recover from consequences of the umbilical hernia.

■ The trier of facts is usually allowed to decide the issue of causation when general experience or common sense will enable a layman to fairly determine the causal relationship between the accident and injury, in which event medical opinion as to causation is unnecessary to submit such issue or support a jury finding on the issue. *Lenger v. Physicians General Hospital, Inc.,* S.Ct., 455 S.W.2d 703; *Travenol Labs, Inc. v. Bundy Labs, Inc.,* CCA (Waco) NRE, 608 S.W.2d 308. And in deciding the causal relationship the trier of facts is not limited to medical opinion but may also view the evidence as a whole. *Texas Emp. Ins. Assn v. Goodeaux,* CCA

(Beaumont) NRE, 478 S.W.2d 865; *Ins. Co. N.A. v. Kneten,* S.Ct., 440 S.W.2d 52.

■ Under the record in this case we think the jury able to determine the causal relationship between the event and the umbilical hernia, and that the trial court did not err in refusing defendants' requested instructions to the jury or in overruling defendants' objection to the damage issue.

Points 1, 2 and 3 are overruled.

Points 4 and 5 assert there is no evidence and/or insufficient evidence to support the jury's finding defendants were negligent.

■ The jury found defendants negligent in failing to exercise reasonable care to maintain the store in a reasonably safe condition for the use of invitees; in failing to provide structural guards or raised curbs; and in maintaining a ramp directly in front of the store's double doors. There was evidence that on a great number of occasions vehicles had run into defendants' stores and into convenience stores generally; that plaintiff's injuries were the result of a collision on August 2, 1980, at defendants' 301 LaSalle store in Waco when defendant Hussey drove her vehicle into the building, and there was available a reasonable and cost efficient means to provide protection from such occurrences. When an owner has knowledge of a dangerous condition and an invitee does not, the owner owes the invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition so that the invitee will not be injured, and to inspect the premises to discover any dangerous condition and to take such steps as are necessary to prevent the invitee's injury. *McKethan v. McKethan,* CCA (Corpus Christi) NRE, 477 S.W.2d 357; *Genell, Inc. v. Flynn,* 163 Tex. 632, 358 S.W.2d 543; *Kallum v. Wheeler,* Com. Appls. Op. Adopted, 129 Tex. 74, 101 S.W.2d 225; *Furr's, Inc. v. Bernard,* CCA (Amarillo) Er. Dismd., 489 S.W.2d 345; *Parking, Inc. v. Dalrymple,* CCA (San Antonio) NWH, 375 S.W.2d 758.

We think there is ample evidence to sustain the jury's answers to support the jury's findings as to defendants' negligence.

Points 4 and 5 are overruled.

AFFIRMED.