512 So.2d 708 (1987)
Tommie B. CARPENTER
v.
STOP-N-GO MARKETS OF GEORGIA, INC., et al.
No. 56461.
Supreme Court of Mississippi.
September 9, 1987.
John Arthur Eaves, Eaves & Eaves, Jackson, for appellant.
Robert S. Addison, Debra M. Robbins, Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
*709 WALKER, Chief Justice, for the Court:
Tommie B. Carpenter (Carpenter) sued Stop-N-Go Markets of Georgia, Inc. (Stop-N-Go) in the Circuit Court of the First Judicial District of Hinds County for injuries which he sustained in a Stop-N-Go convenience store. From a summary judgment in favor of Stop-N-Go, Carpenter appeals. Finding no error, we affirm.
On the evening of October 17, 1982, Carpenter was shopping in a Stop-N-Go convenience store on Hanging Moss Road in Jackson, Mississippi. While Carpenter was in the store, an automobile drove through the front plate glass window of the store. The car pushed over a display counter, knocking Carpenter to the floor. The automobile was being driven by a thirteen year old boy who was apparently attempting to steal it from the store's parking lot. Carpenter suffered a fractured ankle, fractured ribs, and other injuries.
Carpenter subsequently filed suit against Stop-N-Go, alleging that Stop-N-Go was negligent in failing to install posts or wheel stops in front of its store so as to prevent an accident such as the one in which he was injured. In response to Carpenter's interrogatory, Stop-N-Go revealed that on a previous occasion a vehicle had struck and damaged the front of the store. After discovery, Stop-N-Go moved for summary judgment pursuant to Miss.R.Civ.P. 56, claiming that there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law. The trial court granted Stop-N-Go's motion and Carpenter has appealed.
The issue which we now address is one of first impression in this state: whether the owner of a convenience store has a duty, to customers inside the store, to erect some sort of barrier or wheel stop in order to prevent vehicles from crashing through a plate glass window. Among other courts that have considered the issue, some have held that a store owner may be liable for failure to erect such barriers, Zippy Properties, Inc. v. Boyd, 667 S.W.2d 312 (Tex. App. 10th Dist. 1984) (convenience store); McAllen Kentucky Fried Chicken No. 1 v. Leal, 627 S.W.2d 480 (Tex. App. 13th Dist. 1981) (restaurant), while other courts have held that a store owner, as a matter of law, has no such duty. Hendricks v. Todora, 722 S.W.2d 458 (Tex. App.Dallas 1987) (restaurant); Jones v. Dowdy, 443 So.2d 467 (Fla. Dist. Ct. App. 1984) (convenience store); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. Dist. Ct. App. 1961) (convenience store); Krispy Kreme Doughnut Company v. Cornett, 312 So.2d 771 (Fla. Dist. Ct. App. 1975) (doughnut shop); Eckerd-Walton, Inc. v. Adams, 126 Ga. App. 210, 190 S.E.2d 490 (1972) (drug store).
The majority view, in our opinion the better reasoned approach, is stated in Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. Dist. Ct. App. 1961):
[I]t cannot be contended with any degree of reason or logic that the owner of a store, ... by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store... . If as a matter of law such occurrences are ..., to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter.
We agree with the Florida ruling and hold that there is, as a matter of law, no duty owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store's plate glass window. Because the trial court was correct in entering summary judgment for Stop-N-Go, we affirm.
AFFIRMED.
ROY NOBLE LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., DAN M. LEE, ROBERTSON and ANDERSON, JJ., specially concur.
*710 HAWKINS, Presiding Justice, specially concurring:
I concur with the majority, under the facts of this case, that we should affirm.
I doubt the wisdom, however, of declaring as a matter of law that the owner of a public business is never under any duty to erect some kind of barrier to prevent motor vehicles from running through the building walls. For instance, in heavily populated areas, with real estate at a premium, some buildings are located on what otherwise would be deemed odd places. The parking area may be on an incline with the building on the lowest part of the lot. Masonry walls have notoriously low tensile strength, and furnish very little protection against a marauding, uncontrolled vehicle. A minimum of prudence by the owner of the business would impel the construction of some kind of barrier or railing around the exposed parts of the building. With hundreds of customers coming into his place of business daily, he should expect upon occasion for some of them to forget to put their vehicle in gear, or the brake secure, and indeed a few to leave the motor running while they dash into the store or shop.
DAN M. LEE, ROBERTSON and ANDERSON, JJ., join this opinion.