MeMILLIN, C.J.,
for the Court:
¶ 1. This case comes before the Court on Shirley Bradford’s appeal from an order of dismissal of her complaint entered after the defendants filed a motion to dismiss on several different grounds. We conclude that the trial court was correct in part and incorrect *595 in part, requiring us to reverse and remand the case for further proceedings.
¶ 2. Bradford is an African-American who filed suit claiming damages because she (a) was subjected to a hostile work environment and (b) was ultimately terminated as an employee of the Mississippi Department of Human Services for the sole reason that she was a member of a racial minority. Additionally, she claims that she was terminated because she spoke out about her employer’s discriminatory employment practices and other matters alleged to be of public concern. In her complaint, she specifically invoked the First and Fourteenth Amendments to the Constitution of the United States and Section 1981 of Title 42 of the United States Code as providing a jurisdictional basis for her claim for relief. The named defendants in the suit were persons occupying various positions in the Department who had some supervisory authority over Bradford. They were sued both in their official capacity and as private individuals. For purposes of clarity, though these litigants are the appellees before this Court, we will continue to refer to them collectively as “the defendants” since this is more informative as to their status in this case.
¶ 3. The defendants’ motion to dismiss raised five matters for the trial court’s consideration:
(1) The complaint failed to state a claim upon which relief could be granted;
(2) Section 1981 does not establish a cause of action for racially discriminatory activity undertaken or sanctioned by an employer against an employee;
(3) The defendants, in their official capacities, enjoyed sovereign immunity from claims of this nature;
(4) The defendants, in their individual capacities, enjoyed qualified immunity; and
(5) Bradford had a claim for disability benefits pending before the Mississippi Workers’ Compensation Commission based upon the same factual allegations.
¶ 4. The trial court, without any findings of fact or conclusions of law to support its ruling, concluded that the motion had merit and, therefore, dismissed Bradford’s complaint. That action prompted this appeal by Bradford.
¶ 5. We begin our analysis of the propriety of the trial court’s ruling by noting that Bradford has voluntarily abandoned any claim against the defendants in their official capacity, but insists on her right to proceed against the defendants in their individual capacity for the allegedly discriminatory practices that they either participated in or permitted to continue despite their ability to intervene. The defendants, in their brief before this Court, do not argue that any privilege, either absolute or qualified, protects them in their individual capacity. These two considerations combine to demonstrate that questions of sovereign immunity, either absolute or qualified, though raised at the trial level, are no longer relevant to our consideration. The issue raised at the trial court level concerning Bradford’s then-pending worker’s compensation claim suggests only the need to abate this action and not dismiss it. This leads us to the conclusion that the trial court’s decision to dismiss this suit can only be sustained by a finding that Bradford failed to state a justiciable claim. This necessarily causes us to also consider the second basis for the defendants’ motion, since, if Section 1981 does, in fact, provide a remedy for Bradford’s perceived mistreatment at the hands of her employer, there can be little doubt that she has properly pled a viable cause of action.
¶ 6. It is on this basis, then, that the Court will proceed to consider the matter. Preliminarily, we would observe that Bradford’s complaint essentially raises two separate claims; one based on discriminatory practices giving rise to an oppressive workplace and one based on a retaliatory termination from employment because of Bradford’s actions in speaking out about the discriminatory behavior of DHS workers and about certain other matters of public concern.
¶ 7. A motion to dismiss for failure to state a claim upon which relief can be granted is, under our current Rules of Civil Procedure, a substitute for that venerable pleading known as the demurrer. The purpose of the motion, the same as for its predecessor, the demur *596 rer, is to test the existence of the plaintiffs right to relief, even assuming for the sake of analysis, that he would, at trial, be able to prove, by whatever standard applied, all of the well-pled facts in his complaint. M.R.C.P. 12(b)(6); Franklin County Coop. v. MFC Services, 441 So.2d 1376, 1377 (Miss.1983); Boler v. Mosby, 352 So.2d 1320, 1323 (Miss.1977).
¶ 8. Our review of the trial court’s ruling on such motions is de novo. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995). Because there are two claims involved, we will necessarily have to assess each one separately.
¶ 9. As to Bradford’s claim regarding the racially-motivated oppressive work environment, it becomes necessary to mark certain dates because of changes in the law that have an effect on our decision. Bradford’s term of employment at DHS spanned the period from June 1, 1972 to December 8, 1989, when she was terminated. This period of service becomes critical because, as Bradford correctly indicates in her complaint, the viability of her claim depends, not just on the existence of the Fourteenth Amendment, but upon the enabling statute found in Section 1981 that takes the broad foundational protections afforded by the amendment and creates a remedy at law for certain specific transgressions of those protections. Specifically, in the case of Section 1981, Congress applied the precepts of the Fourteenth Amendment to the matter of contract and said:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....
42 U.S.C.A. § 1981 (1986) (amended 1991).
¶ 10. The United States Supreme Court found this right of equal protection in the making of contracts created a cause of action for an individual who claimed that he was denied employment ( and thus, the right to enter into a contract of employment) based upon considerations of his race in the case of Johnson v. Railway Express Agency, 421 U.S. 454, 459-60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). However, the Supreme Court, after that decision, also concluded in 1989 that once the contract was created, the protection of Section 1981 did not extend to allegations of discriminatory practices in the performance of the contract. Patterson v. McLean Credit Union, 491 U.S. 164, 179, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In the McLean Credit Union case, the plaintiff had “alleged that during her employment with respondent, she was subjected to various forms of racial harassment from her supervisor....” Id. at 178, 109 S.Ct. 2363. The Supreme Court said that “[tjhis type of conduct, reprehensible though it be if true, is not actionable under § 1981, which covers only conduct at the initial formation of the contract. ...” Id. at 179, 109 S.Ct. 2363.
¶ 11. In an apparent response to the Supreme Court’s holding in the McLean Credit Union case in 1991, Congress enacted an amendment to Section 1981 to also make actionable any claim relating to the “performance ... and termination of contracts.” 42 U.S.C.A. § 1981(b) (Supp.1998). Left unresolved by Congress’s modifying enactment was the question, vital to the viability of Bradford’s claim, as to whether that amendment would have retroactive effect. The question was answered adverse to Bradford by the Supreme Court in Rivers v. Roadway Express, when the Court concluded that, because it “create[d] liabilities that had no legal existence before the Act was passed,” the amended section would “not apply to pre-enactment conduct.” Rivers v. Roadway Express, 511 U.S. 298, 313, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). Thus, we conclude that the trial court was correct insofar as it determined that Bradford failed to state a claim for relief when she complained under Section 1981 about the oppressive nature of her work environment as it existed prior to 1991.
¶ 12. Different considerations arise in regard to the second matter raised in her complaint. Bradford alleges that these DHS officials, purporting to act under State law, took adverse personnel actions against her in retaliation for her speaking out about the *597 oppressive workplace environment and other matters of public interest. She claims that such actions violated her rights of Free Speech guaranteed under the First Amendment of the Constitution of the United States. Though Bradford fails to specifically cite Section 1983 of Title 42 of the United States Code, there can be little doubt that a public employee who finds herself the subject of an adverse personnel action undertaken in retaliation for speaking out on matters of public concern has a cause of action for damages. 42 U.S.C.A. § 1983 (Supp.1998); Pickering v. Board of Education, 391 U.S. 563, 574, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).
¶ 13. The defendants would have us hold otherwise, primarily on the strength of the fact that a direct reference to Section 1983 appears nowhere in Bradford’s complaint. The same situation existed in Hood v. Mississippi Department of Wildlife Conservation, where the Mississippi Supreme Court found that “Hood state[d] a claim for violation of his federally-secured civil rights ...” and that “[i]t mattered] not that Hood’s complaint does not expressly name Section 1983.” Hood v. Mississippi Dep’t of Wildlife Conservation, 571 So.2d 263, 266-67 (Miss.1990).
¶ 14. These defendants also urge that Bradford’s activities were confined to complaining of matters of personal interest only and did not extend to matters of public concern, so that the protections of Section 1983 could not be extended to her claim under Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) and Bulloch v. City of Pascagoula, 574 So.2d 637 (Miss.1990). It may be that, in the appropriate judicial forum, these defendants could establish this proposition as a fact by a preponderance of the evidence. However, that does nothing to address the issue before this Court. Bradford’s complaint alleges, in paragraphs 16 and 17, as follows:
16. During the entire time plaintiff was employed by DVR, she spoke to her supervisors and fellow workers about racially discriminatory promotion practices within the state agency, and she spoke to her supervisors and fellow workers about the need to respect the privacy and confidentiality of claimants’ medical records and not making copies of derogatory and racially insulting medical reports and distributing them throughout the office.
17. Because ... she spoke out about racially discriminatory employment practices and the need to respect the confidentiality and privacy interests of patients records, plaintiff was discriminated and retaliated against by the defendants.
¶ 15. It appears to the satisfaction of this Court that Bradford has pled a claim for relief under Section 1983 with sufficient clarity to withstand a Rule 12(b)(6) motion. For that reason, we conclude that, as to that portion of Bradford’s suit finding its foundation in the First Amendment and the subsequent enabling act known as Section 1983, the trial court abused its discretion in dismissing that portion of Bradford’s complaint.
¶ 16. The matter of the effect of Bradford’s workers’ compensation claim on this proceeding is not before us. No attempt should be made to construe our silence as an indication of this Court’s view of the defendants’ claim that the outcome of that claim would, in some manner, affect the proper result in this litigation. That question remains open for resolution by the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED AS TO THE DISMISSAL OF THE APPELLANT’S CLAIM FOR DAMAGES ARISING OUT OF A HOSTILE WORK ENVIRONMENT. THE JUDGMENT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION AS TO APPELLANT’S CLAIM THAT SHE SUFFERED ADVERSE PERSONNEL ACTIONS AT THE HANDS OF THE AP-PELLEES IN RETALIATION FOR SPEAKING OUT REGARDING THE ALLEGED OPPRESSIVE AND DISCRIMINATORY ACTIVITIES OF EMPLOYEES OF THE MISSISSIPPI DEPARTMENT *598 OF HUMAN SERVICES AND OTHER MATTERS OF PUBLIC INTEREST. THE COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO BE APPORTIONED PRO RATA AMONG THE APPELLEES.
KING AND SOUTHWICK, P. JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.