856 So.2d 359 (2003)
Eva Lois HEARD, Personal Representative of the Estate of Gwendolyn Strong, Deceased, Appellant,
v.
INTERVEST CORPORATION, Appellee.
No. 2001-CA-01973-COA.
Court of Appeals of Mississippi.
March 11, 2003.
Rehearing Denied May 27, 2003.
*360 Angela Turner-Lairy, Bennie L. Turner, West Point, attorneys for appellant.
David L. Sanders, Jeffrey Johnson Turnage, Columbus, attorneys for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Gwendolyn Strong was killed on May 3, 1997, when a vehicle jumped a curb and struck her. Eva Lois Heard, acting as the personal representative of Gwendolyn Strong, filed a wrongful death action against Intervest Corporation, the owner of the apartment complex where the accident occurred. The trial court granted Intervest a summary judgment, and Heard now appeals, raising two issues:
I. CARPENTER V. STOP-N-GO MARKETS OF GEORGIA, INC., 512 So.2d 708 (Miss.1987) DOES NOT GOVERN WHEN AN ACCIDENT OCCURS OUTSIDE A STRUCTURE; AND
II. INTERVEST OWED A DUTY TO GWENDOLYN STRONG BECAUSE THE ACCIDENT OCCURRED IN A COMMON AREA.

STATEMENT OF THE FACTS
¶ 2. On May 3, 1997, Gwendolyn Strong was sitting in front of her apartment building talking to a neighbor. Painters were *361 painting a nearby apartment, and they had moved furniture from that apartment and placed it on a sidewalk in front of the building.[1] Meanwhile, as alleged in the pleadings, Cedric Collins was too inebriated to drive, so he had his nine-year-old daughter drive for him while he rode as a passenger in his car. The car was speeding through the complex's parking lot, when it jumped the curb in front of Strong's building, ran into the sitting area, and struck Strong. An ambulance transported Strong to a hospital where she died of the injuries she sustained in the accident. According to the site manager, no similar accidents had occurred at that apartment complex.
¶ 3. Eva Heard then sued Intervest Corporation and Collins for Strong's wrongful death. According to the complaint, Intervest was negligent for failing to provide proper security personnel and failing to build a barrier to keep speeding automobiles from jumping curbs in the complex.
¶ 4. On November 27, 2001, the trial court granted summary judgment for Intervest, stating that the instant case is governed by Carpenter v. Stop-N-Go Markets of Georgia, Inc., 512 So.2d 708 (Miss.1987). Heard then appealed.

LEGAL ANALYSIS

I. Standard of Review
¶ 5. The well-settled standard of review for summary judgments is de novo. Crum v. Johnson, 809 So.2d 663, 665 (¶4) (Miss.2002) (citing Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)) (citing Mantachie Natural Gas Dist. v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)); Langston v. Bigelow, 820 So.2d 752, 755 (¶4) (Miss.Ct.App.2002). Evidentiary matters are viewed in the light most favorable to the non-moving party. Travis v. Stewart, 680 So.2d 214, 216 (Miss.1996) (citing Palmer v. Biloxi Reg'l Med. Ctr., Inc. 564 So.2d 1346, 1354 (Miss.1990)). The lower court's decision to grant summary judgment will be reversed if a triable issue of material fact exists. If no such issues exist, we will affirm the decision. Id. (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983)). Rule 56(e) of the Mississippi Rules of Civil Procedure states:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate shall be entered against him
II. Carpenter Governs and Intervest Owed no Duty to Strong
¶ 6. This Court finds that a motion for summary judgment was appropriate since both parties agreed to the material facts in this case: that Strong was sitting outside her building; that Collins was intoxicated and had his daughter drive his car; that the car jumped the curb and injured Strong, resulting in her death; and that there was no security guard on duty. Next, we must turn to the question of whether the trial court decided the motion correctly.
¶ 7. While any first-year law student could recite the four elements of negligence, only one elementdutyis in question here since the trial judge found *362 Intervest had no duty to prevent the fatal accident to Strong.[2] Whether any duty existed is a question of law. Belmont Homes, Inc. v. Stewart, 792 So.2d 229, 232(¶11) (Miss.2001); W. Page Keeton et al., Prosser and Keeton on Torts § 37 (5th ed.1984).
¶ 8. In Mississippi, "the lessor, with respect to common areas, has the duty to use reasonable care to keep the common areas reasonably safe and is liable for damages for failure to perform the duty." Fipps v. Glenn Miller Const. Co., 662 So.2d 594, 596 (Miss.1995) (quoting Cappaert v. Junker, 413 So.2d 378, 380 (Miss. 1982)). It is not clear if the duty extends to only conditions of natural origin, as in the majority of jurisdictions, Keeton, supra, at § 63, or to all hazardous conditions, regardless of their origin. See Restatement (Second) of Torts § 360 (1965).
¶ 9. Even if the Fipps duty only extends to conditions of natural origin, this Court does not find that the duty extends to the facts of this case. We agree with Intervest that the facts of the instant case are similar to those found in Carpenter. There, an underage driver crashed through the plate glass window that served as the front wall to a convenience store, injuring a customer. Carpenter, 512 So.2d at 709. Our supreme court quoted the case of Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.Dist.Ct.App.1961):
[I]t cannot be contended with any degree of reason or logic that the owner of a store ... by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store.... If as a matter of law such occurrences are ... to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter.
Carpenter, 512 So.2d at 709 (alteration and omissions in original).
¶ 10. Although Heard argues the Carpenter decision only applies to cases where the injury occurs indoors, we hold that it must apply outside a building as well. There was no reason for Intervest to foresee an automobile would be negligently propelled over the curb. There was no history of any such incident occurring before. The construction of a curb was an entirely reasonable and adequate measure to help prevent any foreseeable forays of automobiles from the street onto the premises. Indeed, if a barrier was built as Heard suggests, it could even impede the movement of residents in case of fire or other emergency where residents must quickly move away from the apartments. Were we to hold otherwise, this decision, carried to its logical extension, would mean that property owners throughout the state of Mississippi would need to build barriers between their premises and streets and parking lots. This Court simply cannot make that the public policy of this State.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *363 THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
IRVING, J., Dissenting:
¶ 12. I agree with the majority that, based on Carpenter v. Stop-N-Go Markets of Georgia, 512 So.2d 708 (Miss.1987), Intervest had no obligation to erect an impregnable barrier to prevent vehicles from being driven into the common area where Gwendolyn Strong was seated. However, I do not believe that this fact exonerates Intervest from potential liability on the peculiar facts of this case, or at the least, does not entitle it to summary judgment on the liability issue. Therefore, I dissent.
¶ 13. I dissent because I believe a genuine issue of material fact exits with respect to whether Intervest was negligent in allowing or directing its employees to place, on the sidewalk, furniture which, according to the complaint, "prevented Gwendolyn Strong's escape and actually trapped her between the car and the wall of the building." It seems to me that whether Strong's escape was prevented by Intervest's placement of the furniture is a genuine issue of material fact affecting Intervest's liability, notwithstanding the negligence of Cedric Collins's minor daughter in driving her car into the common area where Strong was seated. Consequently, I would reverse and remand for a full jury trial on the merits of the complaint. A jury might ultimately decide that the placement of the furniture did not play any role in preventing Strong from avoiding the fatal impact. However, Strong's personal representative should not be precluded from having her day in court so that a jury might properly consider this issue.
NOTES
[1] In a case such as this, where distances may play an important role, it would be extremely helpful for the Court to have an exhibit illustrating those distances. There was no such exhibit included in this case.
[2] For completeness, we mention that the placement of the furniture could be a cause in fact, if not proximate cause, of Strong's death since it may have affected the time Heard had to react. The only remaining question is whether there was a breach of a duty to erect a barrier between the parking lot and the sitting area.