GRIFFIS, J.,
for the Court.
¶ 1. On the morning of April 14, 2003, Ollie Blount was drinking coffee in the dining area of the Kangaroo convenience store in Gluckstadt, Mississippi. A car drove up to the curb in front of the store and hit the ice machine located on the *968 sidewalk outside the store. As a result, the ice machine was pushed through the glass storefront and struck Blount. Blount was injured.
¶ 2. Blount filed a complaint and asserted a claim against the store’s owner, The Pantry, Inc. (“The Pantry”), for its negligent failure to provide adequate protective barriers along the glass storefront. The Pantry filed a motion to dismiss for failure to state a claim upon which relief can be granted, which the trial court granted.
¶ 3. On appeal, Blount assigns three errors but we condense them into two issues: (1) whether the trial court erred in granting the motion to dismiss, and (2) whether the trial court erred in granting the motion to dismiss prior to discovery being conducted. We find no error and affirm.
STANDARD OF REVIEW
¶4. “This court reviews errors of law, which include summary judgments and motions to dismiss, de novo.” City of Jackson v. Perry, 764 So.2d 373, 376(¶ 9) (Miss.2000).
ANALYSIS

1. Whether the trial court erred in granting the motion to dismiss?

¶ 5. The trial court specifically relied on two eases to dismiss the complaint. Carpenter v. Stop-N-Go Markets of Georgia, Inc., 512 So.2d 708 (Miss.1987), and Heard v. Intervest Corporation, 856 So.2d 359 (Miss.Ct.App.2003). The trial court determined that these cases establish the principle that business owners do not have a duty to protect invitees from the type of harm that caused Blount’s injuries.
¶ 6. In Carpenter, an automobile drove through the front plate glass window of a store. Carpenter, 512 So.2d at 709. The car pushed over a display counter and knocked Carpenter to the floor. Id. Carpenter sued Stop-N-Go, alleging that Stop-N-Go was negligent in failing to install post or wheel stops in front of the store to prevent an accident of this type from occurring. Id. Stop-N-Go moved for summary judgment, and Carpenter’s complaint was dismissed. Id. On appeal, the supreme court held that, as a matter of law, there is no duty owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store’s plate glass window. Id.
¶ 7. In Heard, a woman was sitting in a common area of her apartment complex and was killed when a negligently driven vehicle jumped the curb and struck her. Heard, 856 So.2d at 360-61(¶ 2). The decedent’s personal representative brought a wrongful death suit against the property owners. Id. at 361(¶ 3). Intervest moved for summary judgment. Id. at (¶ 4). The trial judge determined that Carpenter was controlling authority and granted Inter-vest’s motion. Id. On appeal, this Court found that Intervest had no reason to foresee an automobile would be negligently propelled over the curb, and we affirmed the trial court’s dismissal. Id. at 362(¶ 10).
¶ 8. Blount argues that neither Carpenter nor Heard govern the outcome of this case. Blount contends that to hold that Carpenter and Heard apply to every factual situation where a person such as Blount is injured will provide owners and operators of convenience stores and apartment complexes (and restaurants and other retail and service oriented places of business) a complete disincentive to provide adequate protective barriers to' protect their invitees or to identify or remedy dangerous conditions. Blount’s argument is that this fact situation is different than Carpenter because it was not a car that was driven through the store’s window, but the car hit an ice machine and propelled *969 the ice machine through the window. To support this argument Blount cites us to Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.Dist.Ct.App.1961), which was cited and relied on in Carpenter. Carpenter, 512 So.2d at 709.
¶ 9. In Carpenter, the Mississippi Supreme Court quoted the following language from Schatz and held:
[I]t cannot be contended with any degree of reason or logic that the owner of a store, ... by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store.... If as a matter of law such occurrences are ..., to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter.
We agree with the Florida ruling and hold that there is, as a matter of law, no duty owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store’s plate glass window. Because the trial court was correct in entering summary judgment for Stop-N-Go, we affirm.

Id.

¶ 10. Based on the authority of Carpenter and Heard, the trial court was correct to find that there was no set of facts that Blount may prove to establish his claim of negligence and to dismiss Blount’s complaint. Therefore, we affirm.

II. Whether the trial court erred in granting the motion to dismiss pri- or to discovery being conducted?

¶ 11. Blount also argues that the trial court’s dismissal was premature because no discovery had been conducted. The final sentence of Rule 12(b)(6) states, “[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...” M.R.C.P. 12(b)(6). The purpose of the motion to dismiss is to test the existence of the plaintiffs right to relief, even assuming for the sake of analysis, that he would, at trial, be able to prove, by whatever standard applied, all of the well-pled facts in his complaint. Bradford v. Everett, 730 So.2d 594, 595-96(¶ 7) (Miss.Ct.App.1999). (citing Franklin County Coop. v. MFC Servs., 441 So.2d 1376, 1377 (Miss.1983); Boler v. Mosby, 352 So.2d 1320, 1323 (Miss.1977)).
¶ 12. Because The Pantry owed no duty to Blount, discovery would not have created a duty that would have allowed his claim to succeed. The trial judge correctly determined from the face of the complaint that the plaintiff could prove no set of facts that would entitle him to relief. Accordingly, we find no error and affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND. MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.