WALLER, Chief Justice,
dissenting:
¶ 29. I believe that the trial court correctly granted AutoZone’s motion for judgment notwithstanding the verdict (JNOV). Accordingly, I respectfully dissent.
¶ 30. As the trial court correctly recognized, AutoZone owed no duty to its invitees to surround its store with an impregnable protective barrier. See Carpenter v. Stop-N-Go Markets of Georgia) Inc., 512 So.2d 708, 709 (Miss.1987); Heard v. Intervest Corp., 856 So.2d 359, 362 (Miss.Ct. App.2003). Rather, AutoZone owed a duty to its invitees to keep its premises reasonably safe, and when not reasonably safe, to warn them of any hidden dangers of which it knew or reasonably should have known. Corley v. Evans, 835 So.2d 30, 38-39 (Miss. 2003) (citing Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992)). Thus, the critical question is whether Cheeks’s injury was foreseeable to Auto-Zone. “[F]or a person to be liable for another person’s injury, the cause of an injury must be of such a character and done in such a situation that the actor should have reasonably anticipated some injury as a probable result.” Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1144 (Miss.2004) (citing Mauney v. Gulf Ref. Co., 193 Miss. 421, 9 So.2d 780, 781 (1942)). “[T]he actor is not bound to a prevision or anticipation which would include an unusual, improbable, or extraordinary occurrence, although such happening is within the range of possibilities[,]” but must “anticipate only such a result as is a reasonably foreseeable consequence of his act.” Mauney, 9 So.2d at 781; Cole v. Delchamps, Inc., 246 Miss. 846, 854, 152 So.2d 911, 914 (1963) (citations omitted). I would find as a matter of law that Cheeks’s injury was not reasonably foreseeable to AutoZone.
¶ 31. The evidence indicates that Auto-Zone had a policy of allowing customers to drive onto the sidewalk and under the canopy of its store during inclement weather to work on their vehicles. Thus, AutoZone had a duty to act reasonably for the protection of its customers during the furtherance of this policy, and it is at least arguable that AutoZone could foresee that an injury to a customer could occur as a probable result of the negligent performance of this policy. In my opinion, however, the mere existence of this policy has no effect on the foreseeability of Cheeks’s injury, as the overwhelming weight of the evidence indicates that Cheeks was struck by a runaway vehicle, not by another Auto-Zone customer. I agree with the trial court that there is no credible evidence supporting Johnson’s testimony that he was driving under the canopy of the store to have his wiper blades changed by an AutoZone employee when the injury occurred. On the contrary, substantial evidence supports the trial court’s finding that Johnson lost control of his vehicle, either as the result of a seizure or some mechanical failure, drove through Auto-Zone’s parking lot, and collided with Cheeks near the entrance of AutoZone’s store. To create a jury question, the evidence opposing a motion for directed verdict or JNOV must be “of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment *826 could differ as to the verdict.” Collins v. Ringwald, 502 So.2d 677, 679 (Miss.1987) (citations omitted). I do not believe Johnson’s uncorroborated and contradicted testimony satisfies this standard.
¶ 32. The majority view regarding the foreseeability of such an injury was established in Schatz v. 7-Eleven, Inc., 128 So.2d 901, 904 (Fla.Dist.Ct.App.1961), in which the court reasoned:
We are not unmindful of the obvious fact that at times operators lose control over their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore not foreseeable in contemplation of the law.
(Emphasis added.) This reasoning, which forms the basis for this Court’s holding in Carpenter, shows that Cheeks’s injury does not fall within the realm of legally foreseeable harms that AutoZone should have anticipated and guarded against in the exercise of reasonable care. I do not believe that AutoZone’s policy of allowing customers to drive under the canopy of its store during inclement weather makes this case sufficiently distinguishable from Carpenter and Heard, as it has no relation to the way in which Cheeks’s injury occurred. Thus, I would find that Cheeks’s injury was unforeseeable as a matter of law under Carpenter.
¶ 38. Cheeks also argues that AutoZone assumed a duty to erect a barrier around its store by choosing to place bollards on the east side of its premises. I disagree. This Court has held that liability arising out of a voluntarily assumed duty must be limited to the extent of the undertaking. See Rein, 865 So.2d at 1146-47; see also Morin v. Traveler’s Rest Motel, Inc., 704 A.2d 1085, 1089 (Pa.Super.Ct.1997) (holding that a premises owner’s voluntary act of salting one portion of its parking lot was not an undertaking to salt it all). In this case, by electing to erect bollards on the east side of its premises, AutoZone arguably assumed a duty to act reasonably in the construction and maintenance of those bollards, whether to protect customers on the east side of the premises from parking vehicles, or to prevent “crash and grab” thefts. But this duty does not automatically extend to the rest of the premises, where AutoZone never undertook to install any bollards. Moreover, although Cheeks claims he sought safety behind one of the bollards in front of AutoZone’s store, he does not allege that his injury was the result of a flaw in the construction or maintenance of the bollards. I would find that Cheeks’s negligence claim cannot be based on AutoZone’s assumption of a duty to erect a barrier around its premises, because that duty clearly was limited to the facade of the building, on the east side of the premises.
¶ 34. Therefore, I respectfully dissent.
DICKINSON, P.J., AND PIERCE, J., JOIN THIS OPINION.