# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01238-COA

**KHAMBRAYA STANLEY, AND GENEVA WINCHESTER, MOTHER AND NEXT FRIEND OF JEANETTE WINCHESTER, A MINOR**                    APPELLANTS

v.

**SCOTT PETROLEUM CORPORATION**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/2013 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WILLIAM DRIBBEN MONTGOMERY JACOB DANE KING |
| ATTORNEY FOR APPELLEE: | SAM STARNES THOMAS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT FOR APPELLEE |
| DISPOSITION: | AFFIRMED - 01/13/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this premises-liability case, we must determine whether summary judgment was appropriately granted in favor of Scott Petroleum Corporation. We find summary judgment was proper; thus, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Khambraya[1] Stanley and Jeanette Winchester (collectively Stanley) were patronizing

---

[1] Khambraya's name is also spelled "Khambrya" throughout the record.

a gas station owned and operated by Scott Petroleum when they were struck from behind by an out-of-control car. The gas station was located at the corner of Highway 7 and Highway 82 in Greenwood, Mississippi. Both women were standing between the walk-up window and a set of vending shelves containing drinks for purchase. The car collided with the vending shelves, all of which collided with Stanley, causing injuries. According to the police report, the car's brakes purportedly malfunctioned as the car was attempting to slow down at the intersection of Highway 7 and Highway 82. The car then entered the gas-station parking lot traveling at approximately forty-five miles per hour.

¶3. Stanley filed suit against Scott Petroleum in the Leflore County Circuit Court, alleging negligence, gross negligence, and respondeat superior. Scott Petroleum filed a motion for summary judgment. After a hearing on the motion, the trial court granted Scott Petroleum's motion for summary judgment, finding that Scott Petroleum did not have a duty to erect barriers to protect Stanley from the type of accident involved in this case.

¶4. Stanley now appeals, asserting the trial court erred by (1) granting summary judgment and (2) failing to grant a continuance.

STANDARD OF REVIEW

¶5. In considering a trial court's grant of a motion for summary judgment, this Court conducts a de novo review and "examines all the evidentiary matters before it – admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *City of Jackson v. Sutton*, 797 So. 2d 977, 979 (¶7) (Miss. 2001) (citation omitted). The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that "[t]he movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and

2

(2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶11) (Miss. 2013) (citation omitted). The supreme court further stated that "[t]he movant bears the burden of production if, at trial, [she] would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [she] would bear the burden of proof at trial." *Id.* at 88-89 (¶11) (citations omitted). The supreme court again clarified that "while [d]efendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial." *Id.* at (¶13).

## DISCUSSION

### I.     SUMMARY JUDGMENT

¶6.     Stanley contends the trial court erred in granting Scott Petroleum's motion for summary judgment. Mississippi uses a three-step process in analyzing premises liability: "First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached." *Rod v. Home Depot USA Inc.*, 931 So. 2d 692, 694 (¶9) (Miss. Ct. App. 2006) (internal citations omitted).

¶7.     It is undisputed that Stanley was a business invitee because she came to the gas station "in answer to the express or implied invitation of the owner or occupant for their mutual

3

advantage." *Id.* at (¶10) (citation omitted). "A business owner/operator owes to invitees the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Id.* (citation and internal quotation marks omitted).

¶8.     To succeed in her premises-liability action, Stanley must prove one of the following: "(1) a negligent act by [Scott Petroleum] caused [her] injury; or, (2) that [Scott Petroleum] had actual knowledge of a dangerous condition, but failed to warn [her] of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to [Scott Petroleum]." *Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (¶5) (Miss. Ct. App. 2003) (citation omitted). A business owner, however, is not an insurer of an invitee's injuries. *Id.* at (¶6).

¶9.     Stanley contends Scott Petroleum should have known that a dangerous condition existed. Stanley argues that patrons standing at the walk-up window were not protected from vehicles in or around the gas-station parking lot. Stanley states Scott Petroleum acknowledged the potentially dangerous condition by erecting concrete bollards around the store, gas pumps, and power pole, as well as including a warning sign stating: "Caution! Be safe and alert. Watch out for moving vehicles." Stanley further argues that concrete bollards should have been placed around the walk-up window for the protection of Scott Petroleum's customers.

¶10.    Scott Petroleum cites to *Carpenter v. Stop-N-Go Markets of Georgia Inc.,* 512 So. 2d 708 (Miss. 1987), *Heard v. Intervest Corp.,* 856 So. 2d 359, 360 (Miss. Ct. App. 2003), and *Blount v. The Pantry Inc.*, 936 So. 2d 967 (Miss. Ct. App. 2006), for support. In *Carpenter*,

4

a thirteen-year-old boy was attempting to steal a car when he drove it through the front window of the store. *Carpenter*, 512 So. 2d at 709. The car pushed over a display counter, which knocked Carpenter to the floor, injuring him. *Id.* The Mississippi Supreme Court held that "there is, as a matter of law, no duty owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store's plate glass window." *Id.* The supreme court quoted *Schatz v. 7-Eleven Inc.*, 128 So. 2d 901, 904 (Fla. Dist. Ct. App. 1961), as follows:

> It cannot be contended with any degree of reason or logic that the owner of a store, by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store. If as a matter of law such occurrences are . . . to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter.

¶11.    In *Heard*, a woman was killed at an apartment complex when an out-of-control car jumped the curb and struck her. *Heard*, 856 So. 2d at 360-61 (¶2). Noting that the *Carpenter* decision only applied to cases where the injury occurred indoors, this Court held "that it must apply outside a building as well." *Id.* at 362 (¶10). We further stated, "Were we to hold otherwise, this decision, carried to its logical extension, would mean that property owners throughout the state of Mississippi would need to build barriers between their premises and streets and parking lots. This Court simply cannot make that the public policy of this State." *Id.*

¶12.    In *Blount*, a car drove up to the front of a store and hit the ice machine located on the sidewalk. *Blount*, 936 So. 2d at 967-68 (¶1). The ice machine was pushed through the glass

storefront and struck Blount. *Id*. at 968 (¶1). This Court, relying upon *Carpenter* and *Heard*, agreed with the trial court that "business owners do not have a duty to protect invitees from the type of harm that caused Blount's injuries." *Id*. at (¶5).

¶13.    Based upon the authority of *Carpenter*, *Heard*, and *Blount*, we find the trial court was correct to grant summary judgment in favor of Scott Petroleum.

¶14.    Stanley further argues that Scott Petroleum assumed a duty to protect its patrons by erecting the vending shelves between the walk-up window and vehicular traffic. Stanley cites *Palmer v. Volkswagen of America Inc.*, 905 So. 2d 564, 602 (¶137) (Miss. Ct. App. 2003) (overruled on other grounds), for the proposition that a "party may voluntarily assume a duty of care by undertaking to provide a benefit to another party, upon which undertaking the other party detrimentally relies." Stanley contends these vending shelves created a false sense of security. However, the record does not contain any evidence to support this allegation.

¶15.    We note the Mississippi Supreme Court's recent decision in a similar premises-liability case in which it reversed and remanded to reinstate the jury verdict for the plaintiff. *Cheeks v. AutoZone Inc.*, 2013-CA-00401-SCT, 2014 WL 4748099 (Miss. 2014). The plaintiff, Kenyatta Cheeks, was entering an AutoZone store when he was struck by another vehicle. *Id*. at *1 (¶4). The driver of this vehicle purportedly suffered a seizure after entering the AutoZone parking lot. *Id*. at *2 (¶8). The store had erected orange bollards along the storefront wall, but none on another wall containing an additional entrance into the store. *Id*. at *1 (¶3). A canopy extended over this entrance, and the store allowed customers to drive up the adjacent handicap ramp to park under this canopy. *Id*. at *2 (¶7). As Cheeks was

6

entering this particular entrance, he saw a car driving directly toward him and attempted to run to the front of the store to seek protection behind a bollard. *Id*. at \*1 (¶6). AutoZone admitted that the bollards had been installed as a safety measure to protect pedestrians. *Id*. at \*6 (¶25). There was also testimony that vehicles routinely bumped into AutoZone's unprotected storefronts. *Id*. at (¶24). The court reaffirmed *Carpenter*, stating "that a premises owner has no duty to protect against runaway vehicles where such incidents would be unforseeable." *Id*. at (¶26). But the court noted that "certain factual circumstances give rise to the possibility for a duty to arise," which included the factual situation in *Cheeks*. *Id*. Given the evidence produced at trial, including the testimony of Cheeks's expert witnesses, the court determined there was "sufficient evidence to find that is was reasonably forseeable for an injury to occur and that AutoZone had breached the duty it assumed." *Id.* at (¶24).

¶16. This case is distinguishable in that Stanley did not produce evidence to create a genuine issue of fact as was produced in *Cheeks*. Stanley did not produce evidence of similar accidents. Nor did she offer any expert testimony, conduct depositions, or obtain any affidavits in support of her position.

## II. CONTINUANCE

¶17. Stanley also argues the trial court should have granted her a continuance in order to obtain affidavits, conduct depositions, and complete discovery. Stanley relies upon Mississippi Rule of Civil Procedure 56(f):

> When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is

7

just.

When a party opposing a motion for summary judgment makes a Rule 56(f) motion, she "must present specific facts why [s]he cannot oppose the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable [her], by discovery or other means, [to] rebut the movant's showing of the absence of a genuine issue of fact.'" *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶12) (Miss. 1999) (citation omitted). Stanley's request for a continuance was simply a general request. Her request did not contain specific facts or information on any additional discovery that would create a genuine issue of fact. This issue is without merit.

¶18. **THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**